**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JON NOLAN DAVIS,** | ) | |
| **ID #1281583** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:07-CV-665-K (BH)** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the

United States Magistrate Judge for findings, conclusions, and recommendation.

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice -

Correctional Institutions Division (TDCJ-CID), filed his petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254 to challenge a January 5, 2005, conviction for burglary in Cause No. 22591-422.

Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

### A.  Procedural History

On June 22, 2004, the State indicted petitioner for burglary, enhanced by two prior

convictions for burglary. (Trial Transcript at 2).  After petitioner pled not guilty to the charged

offense, on January 3-5, 2005, he was tried, found guilty, and sentenced by a jury to twenty-eight

years. (Tr.:142; R. 5:37, 78).

On direct appeal, petitioner challenged the legal and factual sufficiency of the evidence to

support the conviction and the trial court's denial of a requested jury instruction on the lesser-

included offense of criminal trespass.  The Fifth District Court of Appeals affirmed petitioner's

convictions in an unpublished opinion. *Davis v. State*, 05-05-00225-CR (Tex. App.–Dallas, Oct. 31, 2005, pet. ref'd). The Court of Criminal Appeals refused petitioner's petition for discretionary review on March 29, 2006. *See Davis v. State*, PDR No. 18628-05 (refused). On April 18, 2007, petitioner filed a state application for writ of habeas corpus challenging his conviction in which he raised many of the same issues as his federal petition. (State Habeas Transcript:37-52). The Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court without a hearing on August 22, 2007. (S.H.Tr.:cover).

On March 29, 2007, petitioner filed his petition for federal habeas relief. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). On June 13, 2007, petitioner filed an additional memorandum in support of his petition. Respondent filed an answer on October 18, 2007, (*see* Answer) and provided the state-court records. Respondent filed a supplemental answer on March 30, 2009. Petitioner did not file a reply.

## B. **Factual Background**

The state appellate court recounted the evidence presented at trial as follows:

Here, [Cynthia] Nefstad testified that appellant came into her home without her permission. She was on the telephone attempting to call 911. He grabbed the telephone from her hand, "ripped the cord in half and proceeded to get in my face and scream and yell." Nefstad told him repeatedly to leave. When she tried to push him out of the door, he hit her in the face with his fist, knocking her backwards three or four feet and into a table. As she struggled with appellant, Nefstad's son-in-law came into the room with a rifle and told appellant the police had been called and he needed to leave. As appellant and his friends left, they told her "they were gonna burn [Nefstad's] house to the ground with [her and her] children in it."

Thomas Glass, Nefstad's son-in-law, testified that appellant and two men came onto Nefstad's property. Appellant came into the house and was struggling with Nefstad. When Glass saw appellant push Nefstad down and one of the other men come onto the porch with a crowbar, he picked up Nefstad's rifle and told the

2

men the police were on the way. Danielle Nefstad, Glass's wife and Nefstad's daughter, testified to substantially the same story. She saw Nefstad fall backward into the table. According to Danielle, her mother could not have just fallen or tripped into the table because of the force with which she went backwards.

*Davis v. State*, slip op. at 2-3.

**C.  Substantive Issues**

Petitioner asserts the following claims:

(1) the trial court had no jurisdiction to indict or hear the case (ground one);

(2) the indictment was defective in several respects (ground two);

(3) the Court of Appeals did not have jurisdiction to decide petitioner's case (ground three);

(4) the trial judge erred by failing to read the jury charge into the record (ground four);

(5) the reporter's record is insufficient because the record is incomplete in several respects and the exhibits are not properly listed and presented, and the clerk's record lists the incorrect term of the court (grounds five through seven);

(6) the procedures for selecting grand jury and petit jurors are unacceptable because grand jurors are chosen from the property rolls and grand jurors and petit jurors are chosen from those who respond to the summons (grounds eight and nine); and

(7) counsel provided ineffective assistance at trial and on appeal in numerous respects (ground ten).

## II.  PROCEDURAL ISSUES

Notwithstanding the contention that petitioner failed to exhaust his state court remedies on his first, second, fourth through eighth claims, it appears from a close reading of the answer reveals that respondent actually asserts that these grounds are procedurally barred because they were denied at the state habeas level on the basis of an independent and adequate state procedural bar. (Response at 10-13). In his supplemental answer, respondent asserts that petitioner has failed to exhaust his tenth ground for relief and that this ground is procedurally barred.

3

**A.  Independent and Adequate State Procedural Bar**

Respondent argues that at the state habeas level, the trial court found petitioner's first two and eighth grounds for relief to be procedurally barred because petitioner failed to raise any objection at trial.  It also found petitioner's fourth through seventh grounds for relief to be barred because these grounds should have been raised on direct appeal but were not.

The Supreme Court has held that when a claim was dismissed by a state court pursuant to an independent and adequate state procedural rule, federal habeas review of that claim is barred unless the prisoner can establish either cause for the default as well as actual prejudice as a result of the alleged violation of federal law *or* that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Harris v. Reed*, 489 U.S. 255, 262 (1989).  To satisfy the independent and adequate requirements, the dismissal of a claim must "clearly and expressly" indicate that it rests on state grounds which bar relief, *and* the bar must be strictly and regularly followed by state courts and applied to the majority of similar claims. *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001), *citing Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995).

With regard to petitioner's first, second, and eighth grounds for relief, the Fifth Circuit has held that the Texas contemporaneous objection rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a claim. *Jackson v. Johnson*, 194 F.3d 641, 652 (5th Cir. 1999).  The Court of Criminal Appeals has also ruled that an objection at trial is need to preserve even constitutional errors for appellate review. *See Allridge v. State*, 850 S.W.2d 471 (1991).  Because state court concluded that these grounds were procedurally barred because no objection was made at trial, (S.H.Tr. Supp:22-23, 26), petitioner is procedurally barred from raising

4

them in a federal petition for writ of habeas corpus unless he can establish either cause and prejudice or that the failure to consider the claims on the merits would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. at 750; *Jones v. Johnson*, 171 F.3d at 277. Because petitioner has failed to either allege or show cause and prejudice or a fundamental miscarriage of justice, petitioner's first, second, and eighth grounds for relief are procedurally barred.

With regard to petitioner's fourth through seventh grounds for relief, the state habeas court concluded that these grounds were not cognizable because they were not, and should have been, raised on direct appeal. (S.H.Tr. Supp.:23-26). The state habeas court also concluded that the grounds were without merit. *Id*. While the Fifth Circuit did not expressly find that this rule constitutes an adequate and independent state ground that procedurally bars federal habeas review of a claim in *Soria v. Johnson*, 207 F.3d 232, 249 (5th Cir. 2000), it did hold that unless cause and prejudice is established for the default, federal courts are precluded from reviewing the merits of a claim that was determined to be procedurally barred at the state habeas level because the claim was not raised on direct appeal, even where the merits were also reached by the state habeas court. Because petitioner has neither alleged nor shown cause and prejudice or a fundamental miscarriage of justice, petitioner's fourth through seventh grounds for relief are therefore also procedurally barred.[1]

---

[1] Even if considered on their merits in an "abundance of caution," as in *Soria*, petitioner claims would not entitle him to relief. Petitioner's fourth claim is that the trial judge erred in not reading the jury charge on the record, but the record from the trial shows that both jury charges were read into the record. (R. 5:10, 62). The court reporter did not transcribe the charges into the reporter's record, but they are included in the clerk's record (Tr.:106-119), and petitioner has not shown any federal constitutional violation from the failure to include them in the reporter's record. In his fifth through seventh grounds, petitioner alleges that the certification in the reporter's record is not proper under Texas law, that some titles and styles are incorrect, that the wrong term of court is listed, and that the record is "incomplete" and "inaccurate." These allegations are conclusory in nature and therefore do not merit relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). He has also not shown how these alleged errors in state rules raise federal constitutional concerns. *See Thomas v. Lynaugh*, 812 F.2d 225, 230-31 (5th Cir. 1987) (noting that violations of state law cannot support granting federal habeas relief unless the errors are so egregious as to render the trial fundamentally unfair).

**B. Exhaustion**

Respondent further contends that petitioner's tenth ground for relief is unexhausted and procedurally barred because petitioner only stated generally in his state writ that his trial counsel and appellate counsel provided ineffective assistance counsel, but alleged no specific allegations of ineffective assistance of counsel. In the memorandum filed with his federal petition, petitioner asserts approximately fifty specific allegations of ineffective assistance of trial and appellate counsel in a general, conclusory manner. (Mem.at 2-11).

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon 2005). Specifically, article 11.07, § 4 provides that the state habeas court may not consider the merits of or grant relief based on a subsequent application unless the application contains sufficient specific facts establishing that: 1) the claims could not have been presented previously in the previous application because the factual or legal basis for the claim was unavailable at that time; or 2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt. Petitioner has not alleged, much less shown, that his numerous ineffective assistance of

counsel claims could not have been presented in his state writ application or that, but for constitutional error, no rational juror would have found him guilty of burglary. *Id*. Procedural default at the federal habeas level occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). Because these claims are unexhausted, and because the state of Texas would now find them to be procedurally barred, these ineffective assistance of counsel claims are procedurally barred at the federal habeas level.

### III.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unrea-
> sonable application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determin-
> ation of the facts in light of the evidence presented in the State court
> proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term

of art that refers to whether a court's disposition of the case was substantive, as opposed to proced-

ural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's

state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89

(Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on

the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.

*Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established fed-

eral law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to

that reached by [the Supreme Court] on a question of law or if the state court decides a case

differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*,

529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must

issue "if the state court identifies the correct governing legal principle from [the] Court's decisions

but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry*

*v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies

Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] prece-

dent to a new context where it should not apply or unreasonably refuses to extend that principle to

a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'un-

reasonable application' inquiry should ask whether the state court's application of clearly established

federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th

Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless

they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. NOTICE OF APPEAL CLAIM

In his third ground for relief, petitioner asserts that the notice of appeal filed in his case did not confer jurisdiction on the Fifth District Court of Appeals because it did not specifically designate that appellate court by name. When it addressed this issue on its merits, the state habeas court found that the notice of appeal filed with the appellate court states that the notice is for an appeal to the Fifth District Court of Appeals and concluded that the claim was without merit. (S.H.Tr. Supp.:20, 21). The state court's finding is presumptively correct, and petitioner has not shown clear and convincing evidence to rebut this presumption. *See* 28 U.S.C. § 2254(e)(1). The notice of appeal filed with the trial court lists the correct appellate court, and petitioner has therefore failed to establish that the appellate court did not have jurisdiction over his case. The Court of Criminal Appeals denied this claim on its merits (S.H.Tr.:cover), and petitioner has not shown that this decision is an unreasonable application of federal law. Petitioner is not entitled to relief on the basis of this ground for relief.

### IV. JURY COMPOSITION CLAIM

In his ninth ground for relief, petitioner asserts that the procedures for summoning and selecting petit jurors and grand jurors in Kaufman County, where he was convicted, leave "too much" of an opportunity to subvert the process. In particular, petitioner appears to be asserting that

the selection of juries is discriminatory because it is dependant on who responds to the summons and reports for jury service.

The Supreme Court has held that the Sixth Amendment right to a jury trial requires that the jury be selected from a representative cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528-29 (1975). Therefore jury venires must not systematically exclude distinctive groups in the community. *Duren v. Missouri*, 439 U.S. 357, 363-64 (1979). The Fifth Circuit has also assumed, without deciding, that *Taylor* applies to the manner in which grand juries are decided. *Atwell v. Blackburn*, 800 F.2d 502, 507 (5th Cir. 1986). In order to establish a *prima facie* Sixth Amendment fair cross-section violation, one must show that: 1) the group that was alleged to have been excluded is a distinctive group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of this group in the community; and 3) this under-representation is due to systematic exclusion of the group in the jury selection process. *Id.* at 364. However, the Supreme Court has noted that the Sixth Amendment does not require petit juries, as opposed to panels or venires, to reflect the composition of the community at large. *Lockhart v. McCree*, 476 U.S. 162, 173 (1986).

The Supreme Court has also long held that the Equal Protection clause of the Fourteenth Amendment prohibits a group from being substantially under-represented as grand jurors, if this under-representation results from purposeful discrimination. *Castaneda v. Partida*, 430 U.S. 482, 493 (1977). In order to establish such an equal protection violation, a defendant must show that the procedure employed resulted in the substantial under-representation of his race. *Id.* at 494. A *prima facie* violation is established when it is shown that a recognizable, distinct group has been under-represented. This "rule of exclusion" is shown by comparing the proportion of the group in the

10

general population with the proportion called for jury service over an extended period of time.  *Id.* at 494-95.  Finally, a selection procedure that is susceptible of abuse or is not racially neutral supports a presumption of discrimination raised by a statistical showing of underrepresentation.  *Id.* at 494.

Petitioner has failed to establish either a *prima facie* Sixth Amendment violation or a Fourteenth Amendment violation.  Petitioner has failed to establish either any systematic exclusion of an particular group from jury venires in Kaufman County or that the procedure used to select people for jury service was susceptible to abuse and/or not race neutral.  *See Alexander v. Louisiana*, 405 U.S. 625, 630 (1972) (holding that Alexander had made a *prima facie* case of discrimination under the Fourteenth Amendment in the method used for choosing the grand jury that indicted Alexander where there was statistical evidence of the systematic exclusion of African-Americans from the grand jury panel *and* the selection procedure itself was not racially neutral).  In Texas, petit jurors are chosen from the current voter registration list from a particular county, updated annually. *See* TEX. GOV'T CODE ANN. § 62.001 (Vernon 2001).  Grand jurors are chosen by jury commissioners from citizens of the county that, to the extent possible, represent a broad cross-section of the county, considering the factors of race, sex, and age.  TEX. CODE. CRIM. PROC. ANN. art. 19.06 (Vernon 2001).[2]  Petitioner has not shown that either of these procedures is either a systematic exclusion of a particular group or is a system susceptible of abuse, let alone that it is somehow not a race-neutral manner of calling citizens for jury service.  The Court of Criminal

---

[2] Grand jurors have to fulfill certain requirements, such as being able to read and write, as well as having never been convicted or under indictment for any felony or misdemeanor theft.  Contrary to petitioner's assertion, however, they do not have to be real estate property owners. *See* TEX. CODE CRIM. PROC. ANN. art. 19.08 (Vernon 1995); *see also Dumont v. Estelle*, 377 F. Supp. 374, 376 (D.C. Tex 1974) (recognizing that Texas statutes were amended in 1969 to delete the requirement that grand jurors be freeholders).

11

Appeals denied relief at the state habeas level, and petitioner has not shown that this decision is contrary to federal law.  Petitioner is not entitled to relief on the basis of this ground for relief.

## V. STATE CONSIDERATION OF CLAIMS

Petitioner raised his exhausted claims in his state writ.  The Court of Criminal Appeals denied the state writ on its merits, and thus petitioner's claims were adjudicated on the merits.  The decision at the state level is consistent with, and involves no unreasonable application of,  applicable Supreme Court precedent.  The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court.  Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition.

## VI. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED on this 30th day of April, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13